24CA2100 Shaffstall v Adams County 12-11-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2100
Board of Assessment Appeals No. 23BAA4563

---

William A. Shaffstall,

Petitioner-Appellant,

v.

Adams County Board of Equalization,

Respondent-Appellee,

and

Board of Assessment Appeals,

Appellee.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LUM
Tow and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 11, 2025

---

William A. Shaffstall, Pro Se

Heidi Miller, County Attorney, Meredith P. Van Horn, Assistant County Attorney, Brighton, Colorado, for Respondent-Appellee

Philip J. Weiser, Attorney General, Brooke H. Meyer, Assistant Attorney General, Denver, Colorado, for Appellee

¶ 1   Petitioner, William A. Shaffstall, appeals the final agency order of the Board of Assessment Appeals (BAA) determining the value of his property for the 2023 tax year.  We affirm.

## I.   Background

¶ 2   Shaffstall owns a 924-square-foot mobile home (the property). He appealed his 2023 property valuation to the Adams County Board of Equalization (BOE), and the BOE adjusted the property value to $200,000.

¶ 3   Shaffstall then appealed the BOE's decision to the BAA. Shaffstall argued, as he does here, that the property should be valued based on the cost approach (rather than the market approach) and that its value was $73,330.  The BAA issued its decision rejecting Shaffstall's arguments and valuing the property at $199,200.[1]  Shaffstall appeals.

---

[1] In its order, the BAA accepted Adams County's recommended property value of $199,200, which was slightly lower than the BOE's value of $200,000.  The BAA noted that this lower value was based on the "Restricted Summary Appraisal Report," which was admitted during the hearing.

## II.    Standard of Review

¶ 4    We review BAA decisions under the State Administrative Procedure Act, § 24-4-106(11), C.R.S. 2025.  *See* § 39-8-108(2), C.R.S. 2025; *Bd. of Assessment Appeals v. Sampson,* 105 P.3d 198, 208 (Colo. 2005).  "It is the function of the BAA, not the reviewing court, to weigh the evidence and resolve any conflicts."  *Sampson,* 105 P.3d at 208.  "A decision of the Board may be set aside only if it is unsupported by competent evidence or if it reflects a failure to abide by the statutory scheme for calculating property tax assessments."  *Id.*

## III.    Analysis

¶ 5    Shaffstall argues that the BAA erred by failing to consider the cost approach when determining the value of his property.  We perceive no error.

### A.    Valuation of Mobile Homes

¶ 6    A mobile home or "manufactured home" is a "preconstructed building unit," § 38-29-102(6), C.R.S. 2025, that, among other things, "[i]s designed for residential occupancy" and "[i]s not licensed as a recreational vehicle."  § 24-32-3302(20)(b),(e), C.R.S. 2025.  A mobile home is considered "purged" once it is permanently

affixed to the ground, converting it from personal property to real property.  § 38-29-118(2), C.R.S. 2025 (when a mobile home is "permanently affixed to the ground" and is "no longer capable of being drawn over the public highways," the home "shall become real property upon the filing and recording of the certificate of permanent location").  Shaffstall's mobile home title was purged from the State Division of Motor Vehicle records in 2000; thus, his mobile home was converted to real property that year.  § 38-29-114(2), C.R.S. 2025; § 38-29-118(2).

¶ 7    Colorado law requires assessors to use the market approach when determining the "actual value" of residential real property for tax purposes.  Colo. Const. art. X, § 20(8)(c) ("Actual value shall be stated on all property tax bills and valuation notices and, for residential real property, determined solely by the market approach to appraisal."); *see also* § 39-1-103(5)(a), C.R.S. 2025 ("The actual value of residential real property shall be determined solely by consideration of the market approach to appraisal.")

¶ 8    "Market value has been described as 'what a willing buyer would pay a willing seller under normal economic conditions.' Thus, the market approach involves analyzing sales of comparable

3

properties in the market." *Sampson,* 105 P.3d at 203 (quoting *Bd. of Assessment Appeals v. Colo. Arlberg Club,* 762 P.2d 146, 151 (Colo. 1988)). "'Actual value' is synonymous with market value." *Id.*; *see also San Miguel Cnty. Bd. of Equalization v. Telluride Co.,* 947 P.2d 1381, 1383 (Colo. 1997) ("[A]ctual value is the guiding principle for the taxation of real property in Colorado.").

¶ 9    As relevant here, section 39-1-102 defines "[r]esidential real property" as "residential land and residential improvements." § 39-1-102(14.5), C.R.S. 2025. Residential land is land on which residential improvements are located. § 39-1-102(14.4)(a)(I). Manufactured homes and mobile homes are "residential improvements." § 39-1-102(14.3).

### B.    The Market Approach Valuation Was Proper, and Competent Evidence Support's the BAA's Order

¶ 10    Shaffstall argues that Adams County should have valued his property using the cost approach[2] and that the BAA erred by not considering the cost approach in its order. Shaffstall relies on

---

[2] The cost approach values property by "adding the estimated value of the land to the current cost of constructing a reproduction or replacement for the improvements." *ASARCO, Inc. v. Bd. of Cnty. Comm'rs,* 916 P.2d 550, 554 (Colo. App. 1995) (citation omitted).

section 39-1-103(13)(a) and (c), but his reliance is misplaced.[3] Though section 39-1-103(13) references the cost approach, it relates to the appraisal of personal property, not residential real property. *See* § 39-1-103(13)(a)-(c).

¶ 11 Because Shaffstall's mobile home was purged, it is residential real property for property tax purposes. *See* §§ 38-29-114(2), 38-29-118(2), 39-1-102(14.3), 39-1-102(14.4)(a)(I), 39-1-102(14.5). Thus, the BAA was required to value it using the market approach, and it correctly applied the law in doing so. *See* § 39-1-103(5)(a); Colo. Const. art. X, § 20(8)(c).

¶ 12 Furthermore, the BAA's order valuing the property at $199,200 is supported by competent evidence in the record. During the hearing, Adams County presented (and the BAA admitted) evidence of the property's value under the market approach, including an appraisal report opining that the market value of the property is $199,200. To the extent Shaffstall

---

[3] Shaffstall's briefing refers to "C.R.S. (103)-(13)-(a)" and "C.R.S. (103)-(13)-(c)." We interpret these as references to section 39-1-103(13)(a) and (c), C.R.S. 2025.

presented contrary evidence, it is the BAA's sole prerogative to resolve evidentiary conflicts. *Sampson*, 105 P.3d at 208.

¶ 13 Because the BAA correctly applied the law and because its valuation is supported by the record, we cannot disturb its order. *Id.*

## IV. Disposition

¶ 14 The order is affirmed.

JUDGE TOW and JUDGE MOULTRIE concur.